**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-6575**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CHRISTOPHER JERMAINE TAYLOR, a/k/a Phoenix, a/k/a C-Murda,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Huntington.  Robert C. Chambers, District Judge.  (3:15-cr-00009-1)

Submitted:  August 25, 2020                          Decided:  September 9, 2020

Before AGEE and QUATTLEBAUM, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

Christopher Jermaine Taylor, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christopher Jermaine Taylor appeals the district court's order denying his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, Pub. L. No. 115-391, § 603(b)(1), 132 Stat. 5194, 5239. We review the district court's ruling for abuse of discretion. *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). "A district court abuses its discretion when it acts arbitrarily or irrationally, fails to consider judicially recognized factors constraining its exercise of discretion, relies on erroneous factual or legal premises, or commits an error of law." *United States v. Dillard*, 891 F.3d 151, 158 (4th Cir. 2018) (internal quotation marks omitted).

When deciding whether to reduce a defendant's sentence under § 3582(c)(1)(A), a district court may grant a reduction only if it is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A); *see also* 28 U.S.C. § 994(t) (directing Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction"). The Sentencing Commission has set forth several specific circumstances that constitute "extraordinary and compelling reasons" for compassionate release while allowing for additional reasons "[a]s determined by the Director of the Bureau of Prisons." U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.1(A)-(D), p.s. (2018); *see* Bureau of Prisons (BOP) Program Statement 5050.50 (identifying several nonexclusive factors to determine whether other extraordinary and compelling reasons for compassionate release exist).

We have reviewed the record and conclude that the district court erroneously relied on BOP Program Statement 5050.50 rather than the Sentencing Commission's policy

2

statements.  Taylor asserts that his family circumstances justify relief due to "[t]he death . . . of the caregiver of the defendant's . . . minor children," which falls under USSG § 1B1.13 cmt. n.1(C)(i), p.s.  The Sentencing Commission's policy statements therefore control the disposition of Taylor's motion, and not the BOP program statements, based on Congress' statutory directives.  *See* 18 U.S.C. § 3582(c)(1)(A); 28 U.S.C. § 994(t).

For these reasons, we conclude that the district court abused its discretion when it denied Taylor's motion.  Therefore, we vacate the district court's order and remand for further proceedings consistent with this opinion.  Specifically, on remand, the district court should consider whether Taylor is required to demonstrate that he is the only available caregiver for his minor children, *compare* USSG § 1B1.13 cmt. n.1(C)(i), *with* USSG § 1B1.13 cmt. n.1(C)(ii), as well as whether sufficient evidence in the record demonstrates that alternative caregivers would be capable of caring for his children.  We express no opinion on whether Taylor is ultimately entitled to relief.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*